# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **KARA T.**[1], <br><br>    Plaintiff, <br><br>    v. <br><br>**ANDREW M. SAUL,** Commissioner of Social Security, <br><br>    Defendant. | Case No. 6:18-cv-1898 <br><br> **OPINION AND ORDER** |

Kevin Kerr, SCHNEIDER KERR & ROBICHAUX, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Justin L. Martin, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

    Plaintiff Kara T. brings this action pursuant to section 205(g) of the Social Security Act ("the Act"), *as amended*, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("the Commissioner") denying Plaintiff's

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member.

PAGE 1 – OPINION AND ORDER

application for disability insurance benefits ("DIB") under Title II of the Act. For the following reasons, the Court REVERSES the Commissioner's decision and REMANDS for further proceedings.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed an application for disability insurance benefits ("DIB") on December 5, 2014. In her application, Plaintiff claimed disability with an alleged onset date of March 15, 2012. The claim was denied initially and upon reconsideration. Plaintiff appealed and testified at a hearing held before Administrative Law Judge ("ALJ") Katherine Weatherly. On November 8, 2017, the ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff timely appealed the ALJ's decision to the Appeals Council, which denied the request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff was born on October 10, 1969, making her 42 years old at the time of the alleged disability onset. AR 56.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The

Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At step one of the sequential analysis, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act and had not engaged in substantial gainful activity since the date of alleged disability onset. At step two, the ALJ found Plaintiff suffered from the following severe impairments: post-traumatic stress disorder (PTSD); generalized anxiety disorder; a mild cognitive impairment; persistent depressive disorder; attention deficit hyperactivity disorder (ADHD); fibromyalgia; a history of benzodiazepine use disorder; and alcohol use disorder, moderate dependence. At step three, the ALJ found that these impairments did not meet or medically equal the severed of a Listing, specifically considering whether the impairments met or equaled Listings 12.04, 12.06, or 12.15. At step four, the ALJ calculated Plaintiff's RFC, and found that Plaintiff was able to perform light work, except she can understand, remember, and carry out only simple, routine, and repetitive tasks, with no more than occasional contact with the general public and coworkers. Based on this RFC, the ALJ found that Plaintiff was unable to perform any past relevant work, but was able to perform jobs that exist in significant numbers in the national economy, specifically Housekeeper Cleaner,

Production Assembler, and Office Helper. The ALJ determined that Plaintiff was not disabled under the meaning of the Social Security Act.

In calculating Plaintiff's RFC, the ALJ detailed the evidence for and against a finding of disability and the weight she gave to each piece of evidence. At issue in this case is the opinion of Dr. Crystal Larson, DO, that Plaintiff was markedly limited in several key areas. The ALJ gave Dr. Larson's opinion no weight:

> No weight has been given to the attorney provided form that was completed by Crystal Larson, D.O., because the significant limitations outlined by the doctor (13F), are inconsistent with her treating notes, which show that the claimant was receiving significant benefit from her medications, and change in household circumstances (10 F/5, 10, 89; 12F/3)

AR 20. The ALJ cites to four places where the record indicated Plaintiff's condition improved. The first record, dated May 15, 2017, indicated that Plaintiff's "mood has improved since her stepson was recently placed in a group home. She has been concerned of her stepson's violent behavior and notes her sleep has improved since she is no longer fearful for her safety." AR 522. The second record, from a visit five days earlier (May 10, 2017), says that Plaintiff "reports that she is doing a lot better. She said her stepson has been placed and seems to be doing better now that he is out of the house… she feels 'very much more relaxed.' She said she is having a really hard time not worrying about 'something horrible happening.'" AR 527.

The third record the ALJ cites is from an appointment on February 1, 2016. The record notes that Plaintiff reported that the prazosin she was taking had improved her PTSD and insomnia symptoms. Finally, the ALJ cited a record from August 7, 2017, which stated that

> her decision making and concentration continue to be a problem. She said that she is taking care of her 10 month old grandson daily, and finds it to be problematic to even make basic decisions, which she states has been a problem for a long time. She said that she is also having problems with racing thoughts, which are distracting. She said that those two symptoms are "really an issue". She said

PAGE 6 – OPINION AND ORDER

the trazodone has really helped with sleep. She said that she is not sure if the concentration problems are meds or something else. She describes her mood as "a lot better". She said that her 27yo son moved to Texas 2-3 weeks ago, which was upsetting to her and she didn't think that it was a good decision and had a panic attack. She did reach out to her counselor about that, but was able to come out of it. She said that she is getting 7-8 hours per night She said she is making an effort to get on a schedule. She said that her appetite has generally low, which she attributes to the heat, and she has lost a little weight. Pl denies SI, HI, or AVH. She said that her family has brought up that she does "worry about things that are unreasonable". She said that she feels very overwhelmed by everyone coming to town for the eclipse. She is not aware of any medication side effects bothering her aside from the concentration issue. Pt reports that she feels tired even when she has rested. Pt reports that she has always struggled with concentration, but feels like it has really been bothering her for "months". She said that she finds that her mind wanders even during important conversations.

## DISCUSSION

This case centers on a single legal issue: whether the ALJ appropriately refused to give weight to the opinion of Dr. Crystal Larson, DO, in calculating Plaintiff's RFC. Plaintiff argues the ALJ selectively read Dr. Larson's treatment notes in concluding that those notes undermined Dr. Larson's conclusion that Plaintiff's impairments significantly limited her ability to work. Dr. Larson's notes, viewed in proper context, reflect a cyclical pattern of improvement and regression, which is common in patients suffering from mental illness. The Commissioner contends that the ALJ disregarded Dr. Larson's opinion because it was inconsistent with her treatment notes, not because of isolated examples of improved mental state, and the ALJ made a proper judgment call when facing conflicting medical opinions.

Generally, the opinion of a treating physician must be given more weight than the opinion of an examining physician, and the opinion of an examining physician must be afforded more weight than the opinion of a reviewing physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001); 20 C.F.R. § 404.1527(c). "If a treating physician's opinion is well-

supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir.2007) (internal quotations omitted) (alterations in original); *see also* 20 C.F.R. § 404.1527(c)(2). To reject an uncontradicted opinion of a treating physician, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005). Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it. The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion. *Orn*, 495 F.3d at 631; 20 C.F.R. § 404.1527(c)(2). These factors include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician, the "[n]ature and extent of the treatment relationship" between the patient and the treating physician, the "[s]upportability" of the physician's opinion with medical evidence, and the consistency of the physician's opinion with the record as a whole. 20 C.F.R. § 404.1527(c)(2)-(6). "In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." *Orn*, 495 F.3d at 631. Similarly, an ALJ may not simply reject a treating physician's opinions on the ultimate issue of disability. *Holohan*, 246 F.3d at 1202–03. An ALJ may only reject a treating physician's contradicted opinions by providing "specific and legitimate reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir.2008); *accord Holohan*, 246 F.3d at 1202–03.

A conflict between treatment notes and a treating provider's opinions may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider. *See Molina v. Astrue*, 674 F.3d 1104, 1111–12 (9th Cir. 2012) (recognizing that a conflict with

treatment notes is a germane reason to reject a treating physician's assistant's opinion); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692–93 (9th Cir.2009) (holding that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion).

Here, however, substantial evidence does not support the ALJ's conclusion that Dr. Larson's opinion was inconsistent with the treatment notes. A treating physician's opinion that a patient's impairments are severe cannot be disregarded based on evidence of improvement alone; "such observations must be 'read in the context of the overall diagnostic picture' the provider draws." *See Ghanim v. Colvin*, 763 F.3d 1154, 1161-62 (9th Cir. 2014) (citation omitted); *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1995) ("Occasional symptom-free periods… are not inconsistent with disability").

The ALJ cites records indicating that changes in Plaintiff's circumstances and medication improved her symptoms. There are other treatment notes, however, that support Dr. Larson's medical opinion, including one of the records the ALJ cited in disregarding Dr. Larson's opinion. That record detailed Plaintiff's difficulty concentrating and making decisions, her racing thoughts and unreasonable fears, and a recent panic attack. AR 660. The sole area of improvement reflected in this note was in Plaintiff's mood. *Id.* Dr. Larson's opinion that Plaintiff "has very limited coping ability and even small stressors tend to be potentially destabilizing for her," AR 664, is supported by an examination of the longitudinal record. AR 403, 404, 410, 427.

The portions of Plaintiff's medical records that reflect improvements in Plaintiff's mental health are insufficient to undermine Dr. Larson's medical opinion, and the ALJ erred in giving no weight to Dr. Larson's opinion.

Plaintiff argues that the proper remedy in this case is to remand for an immediate award of benefits because if Dr. Larson's opinion is credited as true, the ALJ necessarily will find that

PAGE 9 – OPINION AND ORDER

Plaintiff is disabled. There remain conflicts in the record, however, that the ALJ must resolve on remand. In the ALJ's hearing decision, she noted that Plaintiff's course of treatment was "very conservative," that her claimed limitations were not fully supported by her reported activities, and the fact that Plaintiff was able to care for her infant grandson and perform some volunteer work. Further proceedings will help clarify these issues to determine if Plaintiff is disabled.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is REVERSED AND REMANDED for further proceedings consistent with this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 30th day of January, 2020.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge